**JASKOLSKI v. GROVES et al.**

No. 7543.

United States District Court
E. D. Pennsylvania.

June 22, 1949.

---

See, also 84 F.Supp. 495.

Martin J. Vigderman, Philadelphia, Pa., for plaintiff.

Robert Cox, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Findings of Fact

1. On May 19, 1947, the decedent, Frank E. Jaskolski, was a seaman in the United States Merchant Marine.

2. On that date, the defendants possessed, operated, managed and controlled the S. S. Jefferson City Victory in foreign commerce.

3. On April 23, 1947, decedent signed Shipping Articles as a member of the crew of the S. S. Jefferson City Victory, in the capacity of able-bodied seaman, at the rate of $182.85 per month cash wage, plus keep of the value of $45.00 per month, for a foreign voyage from the Port of Savannah, Georgia, to one or more ports in Europe, and back to a final port of discharge in the United States, for a term of time not exceeding nine calendar months.

4. At the time the decedent signed aboard the vessel, he was possessed of normal, healthy hands and fingers.

5. On May 19, 1947, at approximately 2:30 P.M., while the vessel was at sea, approaching the Delaware River pilot station, the Chief Mate ordered the booms to be raised, or "topped", under the supervision of the Boatswain.

6. The decedent was assigned to handle the inside starboard boom guy line. His duty was to take up slack in this line, so that the boom would not sway from side to side.

7. The Boatswain, himself operating the starboard winch, did not give sufficient attention to the general supervision of the operation.

8. As a direct result of the improper supervision of the operation by the Boat-

494

swain, and through him, the defendants, the decedent's right index finger was caught and crushed between the guy line and a cleat, decedent suffering the amputation of one-half the distal phalanx of his right index finger and comminuted fracture of the middle phalanx of the said finger; the line of amputation was practically located just proximal to the matrix of the nail, and a new nail was formed.

9. After decedent's finger was caught between the guy line and the cleat, he and George Culver, another seaman engaged in the operation, called and shouted to the Boatswain to stop the winch which he was operating, but the latter, not properly supervising the operation, did not hear until about three-quarters of a minute later, when he stopped the winch and decedent's finger was able to be released.

10. Decedent's injuries were sustained through no fault of his own, nor by reason of any misconduct on his part.

11. The officers of the vessel were negligent in failing to report decedent's injury to the quarantine doctor who came aboard the vessel at 8:00 p. m., five and one-half hours after the injury.

12. As a direct result of the delay due to the negligence of the officers of the vessel, the decedent was caused to suffer prolonged pain.

13. Decedent suffered pain, mental anguish and disfigurement as a result of his injury. A fair sum in compensation is $500.00.

14. The decedent received medical care and attention, without cost or expense to himself, and on July 5, 1947 was discharged, as an out-patient, from the United States Marine Hospital, Baltimore, Md., as fit for duty.

15. The decedent returned to sea aboard the S. S. Venore on July 17, 1947 in the capacity of Quartermaster.

16. Because of his injuries, the decedent was disabled from following gainful employment from May 21, 1947, when he was paid off the vessel upon the termination of the Shipping Articles containing the contract of employment between him and defendants, until July 5, 1947, when he was discharged from the United States Marine Hospital at Baltimore as fit for duty. The plaintiff failed to prove that decedent was unfit for duty following July 5, 1947.

17. The fair value of the decedent's earning capacity at the time of his injury, and for the period May 21 to July 5, 1947, was $182.85 per month, or $6.10 per day.

18. Because of his injuries the decedent was disabled from following gainful employment for 45 days, and suffered loss of earning capacity in the value of $274.50.

19. Decedent died November 28, 1947, from causes having no relation to the injuries herein, and the plaintiff was granted Letters of Administration of decedent's estate on December 27, 1948.

## Conclusions of Law

1. This Court has jurisdiction of the causes of action and the parties herein.

2. The defendants were negligent in:

(a) improperly supervising the operation of the "topping of the booms";

(b) failing to stop the starboard winch upon the occurrence of the decedent's injury; and in

(c) failing to report decedent's injury to the quarantine doctor.

3. The negligence of the defendants was the proximate cause of the accident resulting in the decedent's injuries.

4. Decedent was not contributorily negligent.

5. Defendants are liable to plaintiff for the damages sustained by decedent by reason of the negligence of the defendants.

6. Plaintiff is entitled to a verdict against the defendants in the total sum of $774.50, made up of impairment of earning capacity in the amount of $274.50, and damages for pain and suffering and disfigurement in the amount of $500.00.